

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID R. FRANKLIN, #1002247,

    Petitioner,

v.                              ACTION NO. 2:10cv523

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, David R. Franklin ("Franklin"), was convicted in the Circuit Court of Suffolk County, Virginia, of one (1) count

1

of unlawful wounding and one (1) count of cutting in the commission of a felony. Franklin was sentenced to serve five (5) years in prison on each count, to be served consecutively, for a total sentence of ten (10) years in prison. The final order for his convictions was entered on July 16, 2007.

Franklin filed an appeal with the Court of Appeals of Virginia, which was denied on the merits in orders dated April 2, 2008 and May 30, 2008. Franklin then filed a petition for appeal with the Supreme Court of Virginia that was summarily refused on November 5, 2008.

On October 13, 2009, Franklin filed a petition for a writ of habeas corpus in the Supreme Court of Virginia alleging four instances of ineffective assistance of counsel in the Supreme Court of Virginia. On April 22, 2010, the court dismissed the petition as failing to meet the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A petition for rehearing was summarily denied on September 22, 2010.

On October 20, 2010, while in the custody of the Virginia Department of Corrections at the Powhatan Correctional Center, Franklin mailed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) The Court conditionally filed this petition on October 25, 2010. (ECF No. 3.) On November 16, 2010, the Court ordered that Franklin's

petition be filed. (ECF No. 6.) On December 2, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a <u>Roseboro</u> Notice. (ECF Nos. 7-10.) Prior to submitting his response to Respondent's Motion to Dismiss, Franklin filed a Motion for Appointment of Counsel on December 20, 2010.[1] (ECF No. 14.) Franklin's response to the motion to dismiss was filed on January 12, 2011 along with a Motion for Stay and Abeyance.[2] (ECF Nos. 15-16.) On January 19, 2011, Respondent filed its opposition to Franklin's Motion for Stay and Abeyance. (ECF No. 18.)

### B. Grounds Alleged

Franklin asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Ineffective assistance of counsel, based on counsel's failure to object to the prosecution's request for lesser-included offense instructions;

(2) Ineffective assistance of counsel, based on counsel's failure to argue that the prosecution violated Franklin's right to a speedy trial on the basis that a government witness was not available; and

---

[1] The motion appears to have been mistakenly titled as a "Motion for 'Stay and Abeyance.'" The Court also received a letter by Franklin, filed January 12, 2011, in support of his Motion for Appointment of Counsel and detailing his recent treatment for cancer. (ECF No. 17.)

[2] Franklin's motion requests "the time needed to return to state court to exhaust two of [his] claims[:] (1) Speedy trial and (2) 'Presumption.'" (ECF No. 15 at 1.)

3

(3) Ineffective assistance of counsel, based on counsel's failure to object when the trial court used an "unlawful legal standard to apply a conclusive presumption" regarding the government's case.

## II. MOTION TO APPOINT COUNSEL

As a preliminary matter, the Court notes that Franklin filed a request to appoint counsel to assist with his habeas corpus proceeding. There is no right to counsel for state prisoners seeking habeas corpus relief in the federal courts in non-death penalty cases. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) ("Nor does it imply that there is a constitutional right to counsel in federal habeas corpus."); Penn. v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Petitioner has not provided the Court with any recognized basis for appointment of counsel in this case. Therefore, it is ORDERED that Petitioner's request to appoint counsel is DENIED. (ECF No. 14.)

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Franklin's habeas petition, because the Court FINDS that Franklin's claims are exhausted but procedurally defaulted.

### A. Exhaustion of Claims

Generally, in order for this Court to address the merits of

4

a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To be considered exhausted, the claim must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted), cert. denied, 522 U.S. 833 (1997). However, "the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Id. at 911 (citations omitted).

In the instant matter, Franklin has not exhausted the specific claims presented by his federal habeas petition. Rather, Franklin's present claims are materially different from his

previous claims that were fairly presented to the state court for exhaustion purposes. The Court notes that in stating the three grounds for relief in his habeas petition before this Court, Franklin simply reproduced his Petition for Rehearing that he filed with the Virginia Supreme Court after his state habeas petition was dismissed on the merits. This Petition for Rehearing, however, actually presented different grounds for habeas relief that were not evaluated by the Virginia Supreme Court in its prior dismissal on the merits. The Fourth Circuit has specifically stated that a petitioner does not exhaust an issue that is only raised in a petition for rehearing.

> Raising a claim in a petition for rehearing does not fairly present the claim to the state's highest court. See Lewis v. Sternes, 390 F.3d 1019, 1031 (7th Cir. 2004) (noting that a petitioner "does not fully and fairly present a federal claim to the state courts when he raises that claim for the first time in a petition for rehearing before the state appellate court or in a petition asking the state supreme court to grant him leave to appeal"); Cruz v. Warden of Dwight Corr. Ctr., 907 F.2d 665, 669 (7th Cir. 1990) (noting that raising a claim in a petition for rehearing to a state appellate court does not constitute fair presentment).

Hedrick v. True, 443 F.3d 342, 365 n.1 (4th Cir. 2006).

Upon examination, each of the grounds contained in Franklin's petition before this Court cannot qualify as fairly presented before the state court in Franklin's state habeas petition. Initially, the Court finds that Ground 3 in Franklin's

6

petition before this Court was never presented, in any form, to the Virginia Supreme Court until Franklin's Petition for Rehearing. Under the guidance of Hedrick, this does not constitute fair presentment, and the claim cannot be considered exhausted for the purposes of federal habeas review.

Though Franklin does raise claims of ineffective assistance of counsel in his state habeas petition, Grounds 1 and 2 in the present petition allege materially different errors than those stated in his prior state petition. Here, Franklin argues that counsel failed to object to the prosecution's request for lesser-included offense instructions. (ECF No. 2, attach. 1 at 1.) In Franklin's state petition, however, the alleged error is counsel's failure to object to his conviction for the lessor-included offense. (ECF No. 9, attach. 7 at 1.) As such, the state court only addressed trial counsel's decision to not object to Franklin's conviction. Id. at 2. Similarly, Franklin's second ground for relief now states that trial counsel failed to argue, during the trial, that the prosecution violated Franklin's right to a speedy trial on the basis that a government witness was not available. (ECF No. 2, attach. 1 at 2.) Previously, however, Franklin only challenged his appellate counsel's decision not to appeal his conviction on speedy trial grounds. (ECF No. 9, attach. 7 at 2.) In turn, the Virginia Supreme Court

7

only addressed appellate counsel's use of judgment in discerning the appealable issues in the case and stated that "counsel need not address every possible issue on appeal." Id.; see also Jones v. Barnes, 463 U.S. 745, 751-52 (1983). The state habeas did not examine whether trial counsel was ineffective for failing to raise Franklin's speedy trial rights during trial proceedings.

Thus, while both sets of claims allege ineffective assistance of counsel, their material differences prevent a finding that the present claims were fairly presented, and thus exhausted, in state court. A petitioner fails to exhaust an ineffective assistance of counsel claim when he alleges a different basis from that which was raised in state court. See Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999) (finding ineffective assistance claim was not exhausted when basis of federal petition claim was not presented to the state court); Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1998) (same); Lanigan v. Maloney, 853 F.2d 40, 45 (1st Cir. 1988) (same). Although the Court construes pro se petitions liberally, see Cruz v. Beto, 405 U.S. 319 (1972), this practice cannot be extended to the degree necessary to capture Franklin's present claims as within the scope of those properly exhausted on the merits before the state court. The Court notes that Franklin's state court petition was also filed pro se and described, in full

detail and with supporting case law, the basis for his original ineffective assistance of counsel claims. Further, finding Franklin's present claims as consistent with his state court petition would violate the rationale underlying the exhaustion requirement. Mallory v. Smith, 27 F.3d 991, 996 (4th Cir. 1994)("It also signals litigants that they may ignore state procedures and still expect the federal courts to hear claims that state courts would have had to stitch together from stray references in order to review.")

Furthermore, if Franklin were to return to state court and present these claims in a second petition for writ of habeas corpus to the Supreme Court of Virginia, his petition would not be timely filed, and the matter would be dismissed pursuant to Virginia Code § 8.01-654(A)(2). Under this section, a petition for habeas corpus must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." The later of these alternatives for Franklin is November 5, 2009; a year after the Virginia Supreme Court denied his petition for appeal. This deadline has long expired. In addition, Franklin would also be barred by Virginia Code § 8.01-654(B)(2), which prohibits a successive petition alleging facts "which petitioner

had knowledge at the time of filing any previous petition." Therefore, Franklin would be procedurally barred from seeking relief from the state court, and thus, for the purposes of this petition, his claims are exhausted.

### B. Procedural Default

Although all of Franklin's claims are technically exhausted, they are also procedurally defaulted and barred from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted[, and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court.").

Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that is "clearly and expressly defaulted under an independent and adequate state procedural rule" unless the prisoner can demonstrate "cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice." Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims.

Weeks, 176 F.3d at 273; Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). As noted above, if Franklin were now to raise his present claims in the Virginia Supreme Court, they would be barred as untimely under Virginia Code § 8.01-654(A)(2). Based on the foregoing, the Court FINDS that Franklin's claims are exhausted, but the Court further FINDS that those claims are procedurally defaulted under Virginia law, and are therefore barred from this Court's review.

### C. Limited Exceptions to Procedural Default

Although Franklin's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural

> rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In his opposition to Respondent's Motion to Dismiss, Franklin argues that he should be allowed to argue his present claims without properly exhausting his state remedies due to his unfamiliarity with the legal system and his pro se status. (ECF No. 16 at 3.) However, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("Youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default."), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (stating that ignorance or inadvertence do not constitute cause to excuse a procedural default); Sosa, 364 F.3d at 512. Consequently, Franklin has failed to establish the requisite cause for his failure to comply with the applicable

state procedural rules in order for this Court to review the instant claims on the merits.[3] Further, Franklin does not make any argument for or provide any evidence to support the miscarriage of justice exception. Accordingly, the Court FINDS that Franklin has not established that he is entitled to review of his claims and they remain procedurally defaulted.

## IV. **MOTION FOR STAY AND ABEYANCE**

In his Motion for Stay and Abeyance (ECF No. 15), Franklin requests that this Court stay resolution of Franklin's present petition so that he may overcome the procedural default bar by exhausting his state remedies. The Supreme Court, in Rhines v. Weber, 544 U.S. 269 (2005), ruled that stay and abeyance should be available only in limited circumstances and only within reasonable time limits established by the district court. Id. at

---

[3] Insofar as Franklin has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope v. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).

13

277. Stay and abeyance is only appropriate when: (1) "there [is] good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the claim is not "plainly meritless;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78.

As discussed above, Franklin cannot exhaust his claims in state court at this point in time because his claims are time-barred under Virginia law. Further, Franklin is not entitled to a stay and abeyance because this procedure is only designed for so-called "mixed petitions" where the petition contains both exhausted and unexhausted claims. Id. at 273-78. A petitioner presenting a mixed petition can be allowed to present his or her unexhausted claims in state court while the federal court stays consideration of the federal petition. This procedure is not available here as none of Franklin's claims are exhausted.

The Court also cannot dismiss Franklin's petition without prejudice because Franklin is now precluded from exhausting these claims in state court. In addition, dismissing Franklin's current petition without prejudice would be futile because any new petition in this Court would be untimely. Under the applicable statute of limitations,[4] Franklin has one (1) year from the date

---

[4] The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1)(A):

on which his conviction became final to file his petition for federal habeas corpus relief. Franklin's conviction became final on February 3, 2009, which was ninety (90) days after the November 5, 2008, refusal of his direct appeal by the Supreme Court of Virginia and therefore the date upon which the time for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

This one year period that began on February 3, 2009, was tolled from October 13, 2009, to September 22, 2010, while Franklin's state habeas corpus petition was pending.[5] After denial of Franklin's Petition for Rehearing by the Virginia Supreme Court, tolling ceased, and the one-year limitation period

---

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

[5] The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

closed on January 13, 2011.[6] Thus, while Franklin's instant petition was timely, any subsequent petition would be barred.

For the reasons express above, Franklin's Motion for Stay and Abeyance is DENIED. (ECF No. 15.)

## V. RECOMMENDATION

For the foregoing reasons, the Court, having found that Franklin's claims are procedurally defaulted, RECOMMENDS that Franklin's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss, (ECF No. 8), be GRANTED, and that all of Franklin's claims be DISMISSED WITH PREJUDICE.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §

---

[6] The Fourth Circuit has held that the one-year statute of limitations is subject to equitable tolling. Id. at 330. However, equitable tolling is appropriate only under "extraordinary circumstances." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). Franklin would only be entitled to equitable tolling if he demonstrated "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). There are no facts before this Court that suggest Franklin would be entitled to equitable tolling.

16

636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
April 20, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David R. Franklin, #1002247
Powhatan Correctional Center
3600 Woods Way
State Farm, Virginia 23160
PRO SE

Eugene Murphy, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

April 20, 2011